UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

KATINA MARTIN, ) Case No.:
)
    **Plaintiff,** )
)
    v. )
)
REGIONAL ACCEPTANCE ) **JURY TRIAL DEMANDED**
CORPORATION, )
)
    **Defendant.** )
)

## **COMPLAINT**

KATINA MARTIN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against REGIONAL ACCEPTANCE CORPORATION ("DEFENDANT"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Ohio, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Canton, Ohio 44708.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153 (39).

7. Defendant is a corporation with its principal place of business located at 1424 East Fire Tower Road, Greenville, North Carolina 27858.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in February 2016, Defendant called Plaintiff on her cellular telephone, on average, multiple times per day in its attempts to collect the

alleged debt.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. The automated calls would include a pre-recorded voice or message from Defendant.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect a balance remaining on Plaintiff's auto loan.

16. Plaintiff spoke with Defendant's representatives in February 2016 and revoked any consent that Defendant may have had to contact her.

17. Defendant heard an acknowledged Plaintiff's request to stop the calls by responding, "We will continue to call to collect the debt until it's paid."

18. Plaintiff told Defendant to stop calling her several times after February 2016.

19. Once Defendant was aware that its calls were unwanted, its continued calls could have served no other purpose besides harassment.

20. Defendant proceeded to ignore Plaintiff's revocation and call her cellular telephone multiple times per day.

21. After Plaintiff's repeated requests to Defendant's representatives to stop the calls were ignored, Plaintiff had no other option but to block calls from Defendant's phone numbers by downloading a blocking application.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, on and after February 2016, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, KATINA MARTIN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATINA MARTIN, demands a jury trial in this case.

Respectfully submitted,

DATED: August 12, 2016

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff